UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS STEWART,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

Defendants.

No. 2:25-cv-03455-DAD-SCR

ORDER GRANTING *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

(Doc. No. 40)

On October 14, 2026, defendant Central Research, Inc. ("defendant Central Research") filed an *ex parte* application to amend the scheduling order. (Doc. No. 40.) Specifically, defendant Central Research seeks to extend the deadlines for fact discovery, rebuttal expert disclosures, and the expert discovery cutoff to evaluate plaintiff's expert disclosure, prepare any necessary rebuttal disclosure, and complete remaining discovery. (*Id.* at 2.) To date, no opposition to the *ex parte* application has been filed, but defendant Central Research states that plaintiff does not agree to the extensions. (Doc. No. 40 at 5.)

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (finding that a belated motion to

amend is governed by Rule 16 and not Rule 15(a)). If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609); *see In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (noting that "a court may take into account any prejudice to the party opposing modification of the scheduling order," but reiterating under *Johnson* "the focus" of the Rule 16(b) analysis is the moving party's reasons for seeking modification).

On April 10, 2026, the court issued a scheduling order that set the following deadlines for the relevant discovery deadlines: (1) October 16, 2026 for rebuttal experts; (2) November 13, 2026 for fact discovery; and (3) November 13, 2026 for all expert discovery. (Doc. No. 23.) To date, no prior extensions of the scheduling order have been sought by any of the parties.

Defendant Central Research argues that good cause exists to modify the scheduling order. (Doc. No. 40 at 2–4.) In a declaration submitted in support of the application, counsel for defendant Central Research states that her office requested an electronic copy of plaintiff's expert disclosure and report, but instead they received that documentation by mail on October 12, 2026. (*Id.* at 6.) Defense counsel further represents that external circumstances have impacted both parties' ability to complete discovery under the existing deadlines. (*Id.* at 5.) Specifically, defense counsel state that plaintiff's counsel experienced unexpected personal circumstances on or about July 28, 2026 and lead counsel for defendant Central Research is presently engaged in a multi-week trial in a separate matter. (*Id.*) Plaintiff's counsel initially suggested amending the scheduling order in light of these extenuating circumstances and agreed to the dates in a proposed stipulation that counsel for defendant Central Research drafted and circulated. (*Id.*) On October 9, 2026, after a revised proposed stipulation was circulated, plaintiff's counsel stated that plaintiff no longer agreed to the extensions without any providing any explanation. (*Id.*) Counsel also states that defendant Experian Information Solutions, Inc. does not oppose the extension.

Based on the foregoing, the court concludes that defendant Central Research's counsel has acted diligently by attempting to reach a stipulation with plaintiff's counsel to amend the

scheduling order. Plaintiff's counsel originally proposed amending the scheduling order and defendant Central Research's counsel attempted to reach an agreement with them before the discovery deadlines in dispute elapsed. Plaintiff has not filed any opposition to the pending application to explain why he no longer agrees to do what he originally proposed. The court will not fault defendant Central Research for being amenable to plaintiff's suggestion and attempting to resolve this matter without court intervention. Further, under the existing scheduling order, initial expert disclosures were to be exchanged by October 2, 2026, but defendant Central Research did not receive plaintiff's disclosures until October 12, 2026, ten days after the deadline and four days before rebuttal experts exchanges were due. *See Tull v. Weckman*, No. 2:24-cv-01729-DAD-SCR, 2026 WL 1241340, at *2 (E.D. Cal. May 5, 2026) (granting motion to extend deadline in scheduling order where discovery was received late due to circumstances beyond the moving party's control). Based on all of the above, the court concludes that plaintiff will not experience any prejudice if the application to modify the scheduling order is granted.

However, the court must also modify the dispositive motions deadline, the date for the final pretrial conference, and the date on which the jury trial will commence. Absent further modification, the deadline to file all motions except for motions for continuances, temporary restraining orders, or other emergency applications will be due on December 11, 2026, the date that all discovery will close under defendant Central Research Inc.'s proposed modifications. (Doc. No. 23 at 4.) Modification of the final pretrial conference and jury trial dates are necessary to ensure that the court has a sufficient amount of time to address any pretrial motions that the parties may bring after discovery closes and to ensure that the parties have a sufficient amount of time to prepare for trial if necessary.

For the reasons explained above,

1. Defendant Central Research Inc.'s *ex parte* application to modify the scheduling order is GRANTED as follows:

    a. Rebuttal expert disclosures shall be completed no later than November 13, 2026;

/////

b. All expert discovery shall be completed no later than December 11, 2026;

c. All fact discovery shall be completed no later than December 11, 2026;

d. All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before January 25, 2027 and shall be noticed for hearing before Judge Drozd on a date not more than 60 days from the date the motion is filed and on a date that is consistent with Judge Drozd's Standing Order;

e. The final pretrial conference presently set for May 24, 2027 is VACATED and RESET to July 12, 2027 at 1:30 p.m. before District Court Judge Dale A. Drozd by Zoom; and

f. The jury trial presently set for July 27, 2027 is VACATED and RESET to September 14, 2027 in Courtroom 4 before District Court Judge Dale A. Drozd.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE